THIS OFFICE IS IN RECEIPT OR YOUR LETTER OF MAY 22, 1989, IN WHICH YOU REQUEST AN ATTORNEY GENERAL OPINION RELATING TO WHETHER TOWN ORDINANCE NO. 201 OF RUSH SPRINGS, OKLAHOMA, IS CONSTITUTIONAL.
AS WAS TRUE OF PREVIOUS ADMINISTRATIONS, THIS OFFICE IS UNABLE TO ISSUE OFFICIAL OPINIONS CONSTRUING OR INTERPRETING CITY OR TOWN ORDINANCES, INCLUDING WHETHER THEY ARE CONSTITUTIONAL. THERE ARE SEVERAL REASONS FOR THIS POLICY. FIRST, AS IS INDICATED IN THE LETTER YOU ENCLOSED WITH YOUR REQUEST, THE CONSTITUTIONALITY OF MANY ORDINANCES IS DEPENDENT UPON THE MANNER IN WHICH THE ORDINANCE IS ENFORCED, AND IS THEREFORE A FACTUAL QUESTION WHICH THIS OFFICE HAS NO AUTHORITY TO ADDRESS.
MOREOVER, AND MORE IMPORTANTLY, VIOLATIONS OF CITY ORDINANCES ARE ENFORCED THROUGH CRIMINAL SANCTIONS. THE QUESTION WHETHER THE ORDINANCE IS CONSTITUTIONAL IS IN ESSENCE THE QUESTION OF WHETHER IT IS A CRIME TO DO THE ACTS WHICH THE ORDINANCE PURPORTS TO MAKE CRIMINAL. AS IS THE CASE WITH STATE CRIMINAL STATUTES, THE ISSUE OF THE CONSTITUTIONALITY OF THE ORDINANCE MUST THEREFORE OF NECESSITY BE DETERMINED BY A COURT, EITHER UPON A PETITION FOR DECLARATORY RELIEF OR IN CONNECTION WITH A HEARING FOR VIOLATION OF THE ORDINANCE, IF THE CONSTITUTIONALITY ISSUE IS RAISED. AN ATTORNEY GENERAL OPINION WOULD NOT NECESSARILY PREVENT THE ENFORCEMENT OF THE ORDINANCE, AND AS THE ORDINANCE WOULD STILL REMAIN ON THE BOOKS, FOLLOWING AN A.G. OPINION IN CONTRAVENTION OF THE ORDINANCE MAY NOT BE A DEFENSE TO A CITIZEN WHO WAS CITED FOR VIOLATING IT.
IT COULD THUS BE CONFUSING TO ISSUE AN OPINION, SHOULD IT FIND THE ORDINANCE UNCONSTITUTIONAL, AS THE QUESTION WOULD ACTUALLY REMAIN UNRESOLVED AND CRIMINAL LIABILITY COULD NEVERTHELESS ATTACH TO CITIZENS CHOOSING TO FOLLOW THE ATTORNEY GENERAL'S ADVICE. FOR THESE REASONS, THIS OFFICE IS UNABLE TO RESPOND TO YOUR REQUEST. IF YOU HAVE ANY QUESTIONS CONCERNING THIS LETTER, PLEASE FEEL FREE TO CONTACT ME AT ANY TIME. I AM SORRY WE COULD NOT BE OF GREATER SERVICE TO YOU.
(SUSAN BRIMER LOVING)